UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON, and AG GREEN
INC.,

               Plaintiffs,             **MEMORANDUM AND ORDER**
                                                        Case No. 21-CV-4125-FB-LB

    -against-

TRAVELERS CASUALTY
INSURANCE COMPANY OF
AMERICA,

               Defendant.
---------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*                                     *For Defendant:*
RYAN P. MAXWELL                           LISA SZCZEPANSKI
Hurwitz Fine, P.C.                             Usery & Associates
424 Main Street                                     Post Office Box 2996
Buffalo, New York 14202                Hartford, Connecticut 06104

**BLOCK, Senior District Judge:**

      In this diversity action, Certain Underwriters at Lloyd's, London ("Lloyd's") and its insured, AG Green Inc. ("AG Green") seek a declaration that Travelers Casualty Insurance Company of America ("Travelers") has a duty to defend AG Green in a tort action currently pending in state court. Both parties move for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, Lloyd's and AG Green's motion is granted and Travelers'

1

motion is denied.

I

The following facts are taken from the parties' Rule 56.1 statements and supporting documents. They are taken as true for present purposes.

**A.    The Policy**

Roman Posiko is the owner and president of KB Restoration NY Corp. ("KB Restoration"), which maintained a commercial general liability policy with Travelers. In that policy, Travelers promised to pay "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Decl. of Ryan P. Maxwell (June 3, 2022), Ex. H at 44. In additional, Travelers assumed a "duty to defend the insured against any 'suit' seeking those damages even if the allegations of the 'suit' are groundless, false or fraudulent." *Id.*

The policy defined "you" to mean the named insured—that is, KB Restoration. A "Blanket Additional Insured (Contractor Operations)" endorsement broadened the definition of "insured" to include

> any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:
>
> a) Only with respect to liability for "bodily injury", "property damage" or "personal injury"; and

> b) If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

*Id.*, Ex. H at 47. A "written contract requiring insurance" is defined as "that part of any written contract or agreement under which you are required to include a person or organization as an additional insured on this Coverage Part," provided that the injury and act causing it occurs "a. [a]fter the signing and execution of the contract or agreement by you; b. [w]hile that part of the contract or agreement is in effect; and c. [b]efore the end of the policy period." *Id.*, Ex. H at 48. "Your work" includes "[w]ork or operations performed by you or on your behalf." *Id.* at 34.

**B.     The Accident**

Talmud Torah Ohel Yochanan ("Talmud Torah") owns and operates a private school in Borough Park, Brooklyn. At some point prior to September 2015, the school contracted with AG Green to serve as general contractor for a renovation project. AG Green, in turn, subcontracted with KB Restoration to perform and supervise stucco work on the project. The only part of the subcontract reduced to writing was an agreement dated September 1, 2015, regarding indemnification and insurance. With respect to the latter, the agreement requires KB Restoration to maintain a commercial general liability policy in specified

3

amounts, and to name AG Green "as an additional insured on a primary basis" on that policy. *Id.*, Ex. G at 4. The agreement refers to "construction at the location of 1327 38," *id.*, Ex. G at 3, but does not otherwise define the scope of work.

On March 8, 2017, Posiko was at the construction site performing work for KB Restoration. He fell off a second-story roof at the site and was injured. He was not wearing a safety harness at the time of the fall.

**C.     The Underlying Litigation**

Posiko filed suit against Talmud Torah and AG Green in New York Supreme Court, Kings County, on May 5, 2017. He asserted causes of action for common-law negligence, as well as statutory liability under New York Labor Law §§ 200, 240, and 241(6). A later bill of particulars specified that Posiko claimed that the defendants were liable for failing to provide a safety harness and/or protective railing around the roof.

Posiko did not name KB Restoration as a defendant. After answering the complaint, however, AG Green filed a third-party complaint seeking indemnification and/or contribution from KB Restoration. The third-party complaint alleged that the work performed by Posiko "was under the direct supervision and control of" KB Restoration and that KB Restoration "was responsible for [his] safety in the performance of the work." *Id.*, Ex. E at 7. It concluded, therefore, that KB Restoration "constituted, caused, or contributed to"

4

the accident. *Id.*, Ex. E. at 10. AG Green asserted similar third-party claims against Rainbow Fencing, Inc. ("Rainbow Fencing"), a subcontractor hired to provide a protective fence on the roof. Posiko later added Rainbow Fencing as a defendant.

The parties cross-moved for summary judgment on Posiko's claims under New York Labor Law §§ 240 and 241(6). On May 18, 2022, the Supreme Court granted summary judgment to Posiko on his § 240 claims against Talmud Torah and AG Green, holding that those defendants violated the statute by failing to provide "an anchor or securement system on the rooftop where [Posiko] was working in order to secure a safety harness." *Id.*, Ex. P at 5. By contrast, it denied summary judgment on the § 240 claim against Rainbow Fencing and on the § 241(6) claims against all defendants. It did not address either Posiko's negligence claims or AG Green's third-party claims. Thus, the state-court action remains pending.

D.  The Coverage Dispute

AG Green first tendered the defense to Travelers on July 11, 2017, after answering Posiko's complaint but before asserting its third-party complaint against KB Restoration. Travelers denied coverage on the ground that "this loss did not

5

arise to due [KB Restoration]'s acts or omissions." *Id.*, Ex. K at 3.[1] The letter noted that the denial was based on "the information presently available to us" and invited AG Green to forward "any further information that you feel would be relevant to our coverage determination." *Id.*

AG Green made a second tender on October 30, 2019, more than two years after Travelers denied coverage. It argued that "[c]overage is triggered simply [when] an employee of the named insured is injured while performing work under the named insured's contract," *id.*, Ex. L at 2, and cited Posiko's deposition as proof "that he was actively performing work under the subject contract (performing Stucco work) and was actively supervising his employees (as KB's owner/supervisor) at the time of the incident." *Id.* It further argued that Posiko "was contributorily negligent as he put his body weight on a metal railing at the edge of the roof." *Id.*

AG Green made a third tender a year later. The third tender repeats the reasoning of the second but cites additional deposition testimony in support of its claim of contributory negligence:

1. Plaintiff, KB's owner and supervisor, chose to work on the roof of the building without a harness.

2. While on the roof, instead of calling him on his cell phone or walking

---

[1] The denial letter actually refers to "AG's acts or omissions." *Id.*, Ex. K at 3. All parties agree that the intended reference was to KB Restoration.

>    downstairs, Plaintiff chose to provide instructions to one of his employees by walking towards the edge of the roof.
>
> 3. The edge of the roof was only partially secured by a fence that appeared to be very obviously incomplete and under construction.
>
> 4. Despite this, Plaintiff leaned on this railing and placed his body weight on it, causing the railing to fall off and causing Plaintiff to fall to the ground.

*Id.*, Ex. M at 3.

Travelers did not respond to the second or third tender. On July 22, 2021, AG Green and Lloyd's—which has provided AG Green's defense in state court—filed the present action.

## II

Like all commercial general liability policies, Travelers' policy with KB Restoration creates two main duties: (1) a duty to indemnify the insured for sums it is legally obligated to pay a third party as damages and (2) a duty to provide the insured a defense in any suit seeking such damages. An additional injured is entitled to exactly the same coverage as a named insured. *See BP Air Conditioning Corp. v. One Beacon Ins. Group*, 8 N.Y.3d 708, 714-15 (2007) ("[T]he well understood meaning of the term [additional insured] is an entity enjoying the same protection as the named insured." (internal quotation marks omitted)).

To qualify as an additional insured, AG Green must establish that KB Restoration agreed to name it as such in a written contract, that the contract was

7

executed before the accident and in effect at the time of the accident, that the accident occurred before the end of the policy period, and that the accident resulted in bodily injury, property damage, or personal injury.  It is undisputed that AG Green has satisfied those criteria.

Next, AG Green must establish that the injury occurred in the performance of work by or on behalf of KB Restoration to which the subcontract applied. Based on Posiko's deposition testimony, KB Restoration argues that the subcontract applied to work on the "new building," while Posiko was injured working on the "old building."  That testimony is not borne out by the written subcontract, however, which does not define or limit the scope of work at all.

Finally, AG Green is an additional insured only "if, and only to the extent that, the injury or damage is caused by acts or omissions of [KB or its] subcontractor."  Ex. H at 47.  This provision forms the crux of the parties' dispute and warrants a detailed discussion of the governing law.

**A.** **Legal Background**

All agree that New York substantive law governs.  The New York Court of Appeals has held that "caused by" in this context "describes proximate causation and legal liability based on the insured's negligence or other actionable deed." *Burlington Ins. Co. v. NYC Transit Auth.*, 29 N.Y.3d 313, 321 (2017).  Thus, the language "was intended to provide coverage for an additional insured's vicarious

8

or contributory negligence, and to prevent coverage for the additional insured's sole negligence." *Id.* at 326.[2]

Applying that definition in the context of the duty to indemnify is a relatively straightforward matter. AG Green would have to establish that KB Restoration acts or omissions were a legal cause of Posiko's injury. It would be entitled to additional injured status "to the extent that" it did so, *see id.* at 321 ("'[P]roximate cause' refers to a 'legal cause' to which the Court has assigned liability."), and therefore, to at least partial indemnification if Posiko prevails in the tort action. This is true even if AG Green does not prevail on its indemnification and contribution claims in that action. *See WDF Inc. v. Harleysville Ins. Co. of N.Y.*, 146 N.Y.S.3d 128, 129 (1st Dep't 2021) (explaining that named insured's indemnification obligations are "separate and distinct" from insurer's duty to defend and indemnify additional insured).

This case, however, involves the duty to defend, which complicates the issue because it is necessarily broader than the duty to indemnify. *Technicon Elecs.*

---

[2] Travelers points out that the language in *Burlington* was "caused, in whole or in part, by." *Id.* at 321. The policy language here is "only to the extent that." Ex. H at 47. Thus, the language in *Burlington* would presumably grant the additional insured coverage even if the named insured was only partially liable, while the language here would grant it "only to the extent that" KB Restoration is liable. That difference, however, does not imply that "caused by" means something other than proximate cause. *See Burlington*, 29 N.Y.3d at 325 (citing, with approval, federal decisions construing "caused by").

*Corp. v. Am. Home Assur. Co.*, 74 N.Y.2d 66, 73 (1989). Indeed, the duty to defend is regularly described as "exceedingly broad," requiring the insurer to provide a defense if there is even a "reasonable possibility of coverage." *BP*, 8 N.Y.3d at 714 (internal quotation marks omitted).

Moreover, the duty to defend precedes the duty to indemnify and, therefore, does not depend on an underlying judicial determination of liability. "Thus, an insurer may be required to defend under the contract even though it may not be required to pay once the litigation has run its course." *Auto. Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006). In *BP*, the New York Court of Appeals held that the same rule applies to the duty to defend an additional insured, squarely rejecting the argument that "liability must be determined before an additional insured is entitled to a defense." 8 N.Y.3d at 715.

Instead, the duty to defend is assessed based on the allegations of the complaint in the tort action. "If the complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend. *Technicon*, 74 N.Y.2d at 73. The merits of the complaint are irrelevant; if the allegations suggest coverage, "the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be." *Ruder & Finn Inc. v. Seaboard Sur. Co.*, 52 N.Y.2d 663, 670 (1981). Likewise, if even one claim is potentially covered, the insurer must defend the entire action; "it

is immaterial that the complaint against the insured asserts additional claims which fall outside the policy's general coverage or within its exclusionary provisions." *Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 98 N.Y.2d 435, 444 (2002) (alteration and internal quotation marks omitted).

Although the allegations of the underlying complaint are sufficient to trigger a duty to defend, they are not the only consideration. Even if the complaint does not suggest coverage, an insurer must provide a defense "when it has actual knowledge of facts establishing a reasonable possibility of coverage." *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 68 (1991). The reason for the rule is that, in some circumstances, "inaccuracies in the plaintiff's pleadings are likely to become apparent when the true facts are developed on the record and the role of the insured in the incident is fully exposed." *Id.* It is of particular relevance in the additional insured context because the tort complaint might not mention the named insured. Indeed, a tort plaintiff who is an employee of the named insured cannot even *bring* a claim against the named insured because of the exclusive remedy of New York's Workers' Compensation Law. *See* N.Y. Workers' Comp. L. § 11.

In sum, the Court must decide whether the allegations of tort complaint and/or other facts known to Travelers created a reasonable possibility that the acts or omissions of KB Restoration were a proximate cause of Posiko's accident. An analysis of that issue follows.

11

B.  **Application**

As an initial matter, the parties dispute what sources of information the Court should consider. They agree—as they must—that the Court can consider the allegations of Posiko's complaint. They also seemingly agree that the Court can consider the facts adduced during depositions. They dispute, however, the extent to which the Court should consider the allegations of AG Green's third-party complaint against KB Restoration.

The principal New York cases addressing the issue were concisely summarized by Judge Hurley in *Axis Construction Corp. v. Travelers Indemnity Co. of America*, 2021 WL 3912563 (E.D.N.Y. Sept. 1, 2021):

> In each [case], an employer's insurer had to defend an additional insured in an underlying personal injury action brought by an employee in which the additional insured's third-party complaint alleged the employer created the condition proximately causing the employee's injury. Where that third-party complaint did not allege the employer created the condition, however, the employer's insurer had no duty to defend the additional insured.

*Id.* at *7. This dichotomy accords with the general rule that the duty to defend "depends on the facts which are pleaded, not the conclusory assertions." *Allstate Ins. Co. v. Mugavero*, 79 N.Y.2d 153, 162 (1992).

It also assuages a concern that the cited cases do not address. It makes sense to consider even the most dubious allegations of the underlying complaint because "a complaint subject to defeat because of debatable theories must nevertheless be

12

defended by the insured." *Fitzpatrick*, 78 N.Y.2d at 66 (alterations and internal quotation marks omitted). Moreover, the insured has no control over what the tort plaintiff will allege. By contrast, a potential additional insured is obviously not calling upon the insurer to defeat its own third-party complaint and has complete control over what is alleged in it, as well as an incentive to make allegations that trigger coverage.

In sum, the Court's responsibility is to consider anything that can shed light on the issues that might arise in litigating Posiko's claims, but not AG Green's third-party claims. To that end, the Court will consider the allegations of Posiko's complaint and bill of particulars, facts taken from depositions, and the non-conclusory allegation of the third-party complaint. The Court limits its consideration to items of which Travelers had actual knowledge.

Those sources of information reveal the following:

- KB Restoration was a subtractor on the construction project.

- Posiko was employed by KB Restoration and "was performing his work at the construction site" at the time of the accident. Maxwell Decl., Ex. C at 7.

- KB Restoration was required to "furnish and install material, labor, equipment, and supervision for all demolition." *Id.*, Ex. E at 6.

- Posiko's work was "under the direct supervision and control" of KB Restoration. *Id.*, Ex. E at 7.

13

- KB Restoration "was responsible for the safety of their employees in the performance of the work at the Premises." *Id.*, Ex. E at 7.

- Posiko worked on the roof without a harness.

- Posiko walked to the edge of the roof to give instructions to another employee, instead of calling him or walking downstairs.

- Posiko leaned and placed his body weight on an obviously incomplete railing.

The Court agrees with Travelers that KB Restoration's status as Posiko's employer is, standing alone, insufficient to raise a reasonable possibility of coverage because it says nothing about whose "acts or omissions" proximately caused the accident. *Compare Pioneer Cent. Sch. Dist. v. Preferred Mut. Ins. Co.*, 86 N.Y.S.3d 364, 366 (4th Dep't 2018) (no duty to defend where plaintiff's employer was not responsible for dangerous condition) *and Hanover Ins. Co. v. Phila. Indem. Ins. Co.*, 73 N.Y.S.3d 549, 550 (1st Dep't 2018), *with All State Interior Demolition Inc. v. Scottsdale Ins. Co.*, 92 N.Y.S.3d 256, 257 (1st Dep't 2019) (duty to defend where tort complaint "implicate[d]" employer's actions). That KB Restoration also supervised and controlled Posiko's work does not change that conclusion because the right to control and supervise does not equate to active negligence. *See McCarthy v. Turner Constr., Inc.*, 17 N.Y.3d 369, 378 (2011).

That KB Restoration was allegedly responsible for Posiko's safety presents a closer question. *See Ohio Sec. Ins. Co v. Travelers Indem. Co. of Conn.*, 2021 WL

14

797670, at *5 (S.D.N.Y. Mar. 1, 2021) (noting but rejecting as unsupported additional insured's contention that named insured had assumed responsibility for plaintiff's safety). The Court need not decide it, however, because it is undisputed that Posiko was not wearing a harness, chose to communicate with an employee by walking to the edge of the roof, and leaned against the railing (although the condition of the railing is a matter of dispute).

Overall, the facts—both alleged and otherwise established—satisfy the Court that a key issue on Posiko's tort claim against AG Green is whether, and to what extent, Posiko is liable for his own injuries.[3] His simultaneous role as employee and owner of KB Restoration somewhat blurs the concepts of contributory negligence and third-party liability, but the policy applies to acts and omissions in the performance of work "by [KB Restoration] or on [its] behalf." Ex. H at 34. Whether Posiko's work is viewed as that of an employee or that of a supervisor, he was clearly performing his tasks on behalf of KB Restoration.

Thus, AG Green is entitled to a defense as an additional insured under KB Restoration's policy with Travelers. AG Green and Lloyd's further argue that

---

[3] Contributory negligence is not a defense to a § 240(1) claim, but the plaintiff's conduct is relevant to an assessment of proximate cause. *Blake v. Neighborhood Housing Servs. of N.Y.C., Inc.*, 1 N.Y.3d 280, 287 (2003). In any event, it is a defense to Posiko's other claims. *See id.* (citing N.Y.C.P.L.R. § 1411). As noted, potential coverage for one claim means that the insurer must defend the entire action. *See Town of Massena*, 98 N.Y.2d at 444.

15

Travelers owes that duty to defend on a primary basis.  KB Restorations offers no response to that argument, which is, in any event, clearly borne out by the policy language.

### III

For the foregoing reasons, Lloyd's and AG Green's motion for summary judgment is granted and Travelers' motion is denied.  Lloyd's and AG Green shall, within ten days of this Memorandum and Order, submit an appropriate declaratory judgment for the Court's signature.

**SO ORDERED.**

                                                                                                /S/ Frederic Block
                                                                                              FREDERIC BLOCK
                                                                                              Senior United States District Judge

Brooklyn, New York
March 27, 2023